J. B. Hayden and Mary F. McCormick, Co-partners as J. B. Hayden & Co.,

*v.*

State of Illinois.

*Opinion filed September 28, 1906.*

License Fee—*Adams & Tillotson v. State ante followed.* This claim is governed by the decision of the Court in *Adams & Tillotson* v. *State, supra.*

Louis T. Orr, for Claimant.
W. H. Stead, Attorney General, for State.

J. B. Hayden and Mary F. McCormick, as co-partners under the firm name of J. B. Hayden & Co., are claimants herein against the State of Illinois for the sum of four hundred ($400.00) dollars, being the aggregate sum of two license fees of two hundred ($200.00) dollars each, paid by them on August 4, 1899, and December 13, 1901, respectively, to Honorable James A. Rose, Secretary of State, for licenses issued to claimants to operate a "private employment agency" in the city of Chicago, under the Act of the General Assembly, pertaining thereto, passed April 11, 1899, and going into force July 1, 1899 (Session Laws 1899, pp. 268-271), said Act being held unconstitutional by the Supreme Court April 24, 1903, in the case of *Mathews* v. *The People,* 202 Ill., 389.

Like the case decided by this Court in *Adams & Tillotson* v. *The State,* September 28, 1906 (see opinion filed therein), this case turns upon the question whether such license fees were paid by claimants, voluntarily, or under threats, compulsion, and duress.

The evidence shows that prior to claimants paying such license fees, their payment was demanded by Mr. Geary, "Superintendent of Free Employment Agencies"; that claimants strenuously objected to the payment of such fees, but were threatened by him that their place of business would be closed and they criminally

prosecuted, if they did not pay such fees; that before the payment of the last license fee, they were further threatened by two police officers, presumably acting for the State, with having their place of business closed and being prosecuted and arrested if they did not pay such annual license fee and procure license under such Act; that before claimants paid such fees, they were informed and knew that the State was prosecuting, under such Act, those refusing to pay such fees; and claimants paid such fees under the fear and expectation of having their place of business closed and of being arrested and criminally prosecuted if they did not pay such fees.

Under this state of facts we are clearly of the opinion that such fees were paid by claimants under what amounts, in law, to compulsion and duress, and under protest. In view of our opinion in the case of *Adams & Tillotson* v. *The State,* cited *supra,* and the cases therein cited, in support of that decision, it is hardly necessary for us to enter into extended discussion of the law applicable to this case. In our opinion, the facts of this case bring the case clearly within the doctrine there announced and applied in favor of claimants.

We, therefore, accordingly award the claimants the sum of four hundred ($400.00) dollars.